FOX ROTHSCHILD LLP
Glenn S. Grindlinger, Esq.
101 Park Avenue, 17th Floor
New York NY 10178
(T): 212.878.7900
(F): 212.692.0940
ggrindlinger@foxrothschild.com

*Attorneys for Defendant Parts
Distribution Xpress Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOSES STODDARD,<br><br>    Plaintiff,<br><br>        v.<br><br>NORTHEAST LOGISTICS, INC., PARTS DISTRIBUTION XPRESS INC., and ARCH AUTO PARTS LLC,<br><br>    Defendants. | Case No. 1:26-cv-01176<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Parts Distribution Xpress Inc. ("Defendant"), by its attorneys, Fox Rothschild LLP, hereby answers the Complaint dated February 28, 2026 ("Complaint") filed by Plaintiff Moses Stoddard ("Plaintiff") as follows.

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendant denies that it violated the law and/or that it harmed Plaintiff in any way.

**NATURE OF THE ACTION**

1.    Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except it admits that Plaintiff purports to bring this action to recover allegedly unpaid overtime, liquidated damages, and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

2.       Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except it admits that Plaintiff purports to bring this action to recover allegedly unpaid overtime and attorneys' fees pursuant to the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, et seq. and its promulgating regulations.

3.       Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except it admits that Plaintiff purports to bring this action to recover allegedly unpaid wages, wage deductions, lost benefits, wages and compensation for not receiving proper notices and statements pursuant to Article 6 of the New York Labor Law.

## JURISDICTION AND VENUE

4.       Defendant admits that Plaintiff has invoked the jurisdiction of the Court under the statutes referenced in Paragraph "4" of the Complaint. The remainder of the allegations in Paragraph "4" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

5.       Defendant admits that Plaintiff has laid venue in this district as set forth in Paragraph "5" of the Complaint. The remainder of the allegations in Paragraph "4" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendants deny the allegations.

6.       The allegations set forth in Paragraph "6" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

185428311.1

## THE PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, and based thereon, Defendant denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, and based thereon, Defendant denies the same.

9. Defendant denies the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, and based thereon, Defendant denies the same.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

## STATEMENT OF FACTS

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

185428311.1

21. Defendant denies the allegations set forth in the first sentence of Paragraph "21" of the Complaint. The allegations set forth in the second sentence of Paragraph "21" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, and based thereon, Defendant denies the same, except it admits that it had revenues and/or transacted business in an amount exceeding $500,000 annually over the last several years.

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, and based thereon, Defendant denies the same, except it admits that has used the United States Mail, internet, electronic mail, messaging, payroll application, timekeeping, websites, and telephone/cellphone systems as a part of its regular operations.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, and based thereon, Defendant denies the same, except it admits that it has conducted business in interstate commerce involving the purchase of equipment and supplies.

185428311.1

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint, and based thereon, Defendant denies the same, except it admits that it has paid taxes and other monies to agencies and entities outside the State of New York.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint, and based thereon, Defendant denies the same, except it admits that it has engaged in credit card transactions involving banks and other institutions outside the State of New York.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, and based thereon, Defendant denies the same, except it admits that it has transacted with insurance companies, banks and other institutions outside the State of New York.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, and based thereon, Defendant denies the same, except it admits that it has used the United States Mail. Internet, electronic mail, and telephone systems.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant admits the allegations set forth in paragraph "37" of the Complaint.

38. Defendant admits the allegations set forth in paragraph "38" of the Complaint

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT – 29 US.C. 201 et Seq. (Unpaid OT)**

185428311.1

39. In response to Paragraph "39" of the Complaint, Defendant repeats and restates each of the above responses as if fully set forth herein.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. The allegations set forth in paragraph "41" of the Complaint are legal conclusions to which no response is required; to the extent a response is required, Defendant denies the allegations.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, and based thereon, Defendant denies the same, except it admits that it transacts commerce and business in excess of $500,000 over the last several years and had revenues and/or expenditures in excess of $500,000 over the last several years.

43. Defendant denies the allegations set forth in Paragraph "43" of the Complaint.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.

**Relief Demanded**

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid OT)**

46. In response to Paragraph "46" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

**Relief Demanded**

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

185428311.1

**AS AND FOR A THIRD| CAUSE OF ACTION**
**NYLL § 190, 191, 193, 195, and 198**

50.     In response to Paragraph "50" of the Complaint, Defendants repeat and restate each of the above responses as if fully set forth herein.

51.     Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54.     Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

**Relief Demanded**

55.     Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

**PRAYER FOR RELIEF**

56.     Defendant denies the allegations set forth in in Paragraph "56" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

57.     Defendant denies the allegations set forth in in Paragraph "57" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

58.     Defendant denies the allegations set forth in in Paragraph "58" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

59.     Defendant denies the allegations set forth in in Paragraph "59" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

60.     Defendant denies the allegations set forth in in Paragraph "60" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

61.     Defendant denies the allegations set forth in in Paragraph "61" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

7

62. Defendant denies the allegations set forth in in Paragraph "62" of the Complaint and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

63. The Complaint, and each claim purported to be alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

64. To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

### THIRD AFFIRMATIVE DEFENSE

65. The relief that Plaintiff seeks in the Complaint is barred, in whole or in part, because Plaintiff lacks standing to obtain such relief.

### FOURTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims for damages, pre- and post-judgment interest, and/or injunctions or attorneys' fees are barred, in whole or in part, because any and all actions taken by Defendant were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of applicable law.

### FIFTH AFFIRMATIVE DEFENSE

67. Plaintiff is precluded from recovering any amounts from Defendant where Defendant paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the

8

New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

<strong>SIXTH AFFIRMATIVE DEFENSE</strong>

68.     Plaintiff may not recover liquidated damages, because: (1) Defendant and all of its officers, directors, managers, and agents acted in good faith and did not commit willful violation of Applicable Law; (2) Defendant and its officers, directors, managers, and agents did not authorize any such willful violation with respect to Plaintiff; and/or (3) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

<strong>SEVENTH AFFIRMATIVE DEFENSE</strong>

69.     Plaintiff is precluded from recovering any amounts from Defendant for failure to pay compensation for hours worked because such time was worked without management's knowledge or approval.

<strong>EIGHTH AFFIRMATIVE DEFENSE</strong>

70.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to 29 U.S.C. § 255, and/or the equitable doctrine of laches.

<strong>NINTH AFFIRMATIVE DEFENSE</strong>

71.     The Complaint fails to state a claim upon which relief consisting of compensatory or liquidated damages or any other damages, interests, costs, or fees allowed by applicable law may be granted.

<strong>TENTH AFFIRMATIVE DEFENSE</strong>

72.     Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative

9

regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## ELEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the Fair Labor Standards Act, the New York Labor Law, and their implementing regulations.

## TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

## THIRTEENTH AFFIRMATIVE DEFENSE

75. All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendant having made complete and timely payment of all compensation due.

## FOURTEENTH AFFIRMATIVE DEFENSE

76. Defendants reserve the right to assert such other additional and/or affirmative defenses that may become known to it through discovery.

## **DEFENDANT'S PRAYER FOR RELIEF**

77. Except as expressly admitted and alleged herein, Defendant denies each and every allegation set forth in the Complaint and deny Plaintiff is entitled to any relief whatsoever.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendant respectfully requests that:

A. Plaintiff's claims be dismissed with prejudice in their entirety;

10

B.      Each and every request for relief in the Complaint be denied;

C.      Judgment be entered against Plaintiff and for Defendant;

D.      Defendant be awarded its costs, including reasonable attorneys' fees and expenses in an amount and manner permitted by applicable law; and

E.      Defendant be granted such other and further relief as this Court may deem just and proper.

Dated:  New York, New York          FOX ROTHSCHILD LLP
        May 15, 2026


                                    By: ___/s/ Glenn S. Grindlinger
                                        Glenn S. Grindlinger
                                    101 Park Avenue, 17th Floor
                                    New York, New York 10187
                                    (212) 878-7900
                                    ggrindlinger@foxrothschild.com

                                    *Attorneys for Defendant Parts Distributions Xpress Inc.*

185428311.1