

**ROB GILMORE | Partner**

**Direct:** 216.736.7240 | **Mobile :** 216.389.2840 | **RSG@kjk.com**

**August 11, 2026**

Honorable Ann M. Donnelly
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201-1832

**Re:     *Stoddard v. Northeast Logistics, Inc., et al.*
         Civil Action No.: 1:26-cv-01176-AD (AMD)**

**Dear Judge Donnelly:**

This Firm was recently retained to represent Arch Auto Parts, LLC **("Arch")** in the above matter. We write, pursuant to Rule 4A of your Individual Practice and Rules, for the Court's permission to file a motion to dismiss the Complaint against Arch **("Motion")** pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim for the reasons set forth below. Because the Court has already scheduled Mediation, we respectfully request that the Court defer setting a return date for the Motion until after the parties have reported to the Court on whether the mediation resulted in a settlement.

Plaintiff Moses Stoddard **("Plaintiff")** alleges that the Defendants, individually and/or jointly, failed to pay him overtime and failed to maintain certain records under the Fair Labor Standards Act, **("FLSA")**, 29 U.S.C.§§ 201 *et seq*. and the New York Labor Law **("NYLL")**, N.Y. Lab. Law § 650 *et seq*.  (ECF No. 1 ¶¶ 1-3).[1]  The Plaintiff did not work for Arch and he fails to allege *any* facts to support a joint employer finding under the FLSA or NYLL. Rather, the Complaint merely recites in a conclusory fashion that "[u]pon information and belief and at all relevant times herein, Defendants individually and jointly controlled the employment of Plaintiff and were responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff."  (ECF No. 1 ¶ 11). Because this conclusory allegation fails to state a claim upon which relief may be granted, Arch seeks permission to move to dismiss the Complaint against it for failure to state a cause of action under the FLSA or the NYLL.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Yuan v. AA Forest, Inc.*, 2022 WL 900614 (E.D.N.Y. 2022).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Although a complaint need not provide "detailed factual allegations," it must nevertheless assert "more than labels and conclusions" and more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555; *see also Yuan*, 2022 WL 900614. Such legal "labels and

---

[1] A courtesy copy of the Complaint (ECF No. 1) is annexed hereto as Exhibit "A".

**CLEVELAND OFFICE**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS OFFICE**
10 West Broad Street
One Columbus Center  +  Suite 2500
Columbus OH 43215

**KJK**.com

 MERITAS®

A LAW FIRM **BUILT FOR BUSINESS.**



**ROB GILMORE | Partner**

**Direct:** 216.736.7240 | **Mobile :** 216.389.2840 | **RSG@kjk.com**

conclusions", like here,  should be disregarded by the Court, and the remaining factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citations omitted). Plaintiff's Complaint fails to assert any facts to establish that Arch is an employer or a joint employer with the other named defendants.

The determination of whether defendants are joint employers is based on "the circumstances of the whole activity," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947), viewed in light of "economic reality," *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961); *Barfield v. N.Y.C. Health & Hosp. Corp.*, 537 F.3d 132, 141 (2d Cir 2008). The courts in the Second Circuit typically look to the four factors identified in *Carter* v. *Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir. 1984) as "particularly relevant to the joint employment inquiry." *Jean-Louis v. Metro. Cable Commc'ns, Inc.*, 838 F. Supp. 2d 111, 122 (S.D.N.Y. 2011). For the purposes of analysis under the FLSA and NYLL, this Court has recognized that the definition of employer status under the FLSA applies equally to the plaintiff's NYLL claims.  *See Yuan,* 2022 WL 900614 at fn.4.

Under *Carter,* courts consider whether the Defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Carter*, 735 F.2d at 12.  The Court also looks at whether a defendant has functional control over workers in the absence of formal control. *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 72 (2d Cir. 2003).

The Courts have rejected allegations like those at issue here as "conclusory recitations of the prongs of the economic reality test, ... insufficient to plausibly allege" that individual defendants were employers. *Chui-Fan Kwan v. Sahara Dreams Co. II Inc.*, 2018 WL 6655607, at *2-4 (S.D.N.Y. Dec. 19, 2018) (rejecting as conclusory allegations that individual defendants "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of employment, and (4) maintained employee records"); *see also Serrano v. I. Hardware Distrib., Inc.*, No. 14-cv-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (rejecting nearly identical boilerplate allegations). If such vague and conclusory allegations were sufficient, an employee could "create de facto liability for high-level corporate officers any time a corporation violated the FLSA" - which is obviously not the law. *Vasto v. Credico (USA) LLC*, 2016 WL 4147241, at *8 (S.D.N.Y. Aug 3, 2016) (internal citations omitted); *see also Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 464 (S.D.N.Y. 2015).

Plaintiff's failure to adequately allege that Arch employed him mandates dismissal of his FLSA claim.  With that claim dismissed, the Court should decline to exercise supplemental jurisdiction over his NYLL claims.  To the extent the Court exercises supplemental jurisdiction, the failure to allege employment also mandates dismissal of Plaintiff's claims under the NYLL.

For the foregoing reasons, Arch respectfully requests permission to move to dismiss the Complaint for failure to state a cause of action under the FLSA and the NYLL, at a date to be set by the Court following the parties' report to the Court on the Mediation.

**CLEVELAND OFFICE**
1375 East Ninth Street
One Cleveland Center  +  29th Floor
Cleveland OH 44114

**COLUMBUS OFFICE**
10 West Broad Street
One Columbus Center  +  Suite 1900
Columbus OH 43215

**KJK**.com

MERITAS®

A LAW FIRM **BUILT FOR BUSINESS.**

2

4858-4413-5250, v. 1



**ROB GILMORE | Partner**

**Direct:** 216.736.7240 **| Mobile :** 216.389.2840 **| RSG@kjk.com**

**Very truly yours,**

**ROB GILMORE**

cc: All Counsel of Record (Via ECF)

**CLEVELAND OFFICE**
1375 East Ninth Street
One Cleveland Center + 29th Floor
Cleveland OH 44114

**COLUMBUS OFFICE**
10 West Broad Street
One Columbus Center + Suite 1900
Columbus OH 43215

**KJK**.com



A LAW FIRM **BUILT FOR BUSINESS.**

4858-4413-5250, v. 1

# EXHBIT "A"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Moses Stoddard,<br><br>         Plaintiff,<br><br> -v-<br><br>Northeast Logistics, Inc.,<br>Parts Distribution Xpress Inc., and<br>Arch Auto Parts LLC,<br><br><br>        Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Moses Stoddard ("Plaintiff" or "Stoddard"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Northeast Logistics, Inc., Parts Distribution Xpress Inc., and Arch Auto Parts LLC (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains that he was employed by Defendants and pursuant to the New York Labor Law ("NYLL") he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for and 1.5 times the New York State Minimum Wage Rate for each and all such hours over forty in a week, (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142.

1

3. Plaintiff is also entitled to recover his unpaid overtime wages, and wage deductions, lost benefits, wages due under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Moses Stoddard ("Plaintiff' or "Stoddard") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Northeast Logistics, Inc. ("Northeast") was a corporation duly authorized to do business in New York.

9. Upon information and belief and all times relevant herein, Defendant Parts Distribution Xpress Inc. ("PSX") was a corporation duly authorized to do business in New York.

10. Upon information and belief and all times relevant herein, Defendant Arch Auto Parts LLC ("Arch Auto") was a New York limited liability company.

11. Upon information and belief and at all times relevant herein, Defendants individually and jointly controlled the employment of Plaintiff and were responsible for hiring, firing,

scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions and performed such functions as to Plaintiff.

12. Upon information and belief, and at all times relevant herein, Defendants individually and jointly shared a principal place of business in Queens County, New York located at 181-02 Jamaica Ave., Jamaica, NY, 11432, where Plaintiff was also employed.

13. Upon information and belief and at all times relevant herein, Plaintiff was employed individually and jointly by Defendants.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the auto parts retail business.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, employed over 50 employees at any given time.

16. Plaintiff was employed by Defendants, individually and/or jointly, from in or around March/April 2021 to on or about January 13, 2026.

17. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly, as an auto parts delivery worker within New York.

18. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $20.00 an hour.

19. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked about 50 to 55 or more hours each week for Defendant, and Plaintiff was paid for about 40 hours each week and Plaintiff was not paid any wages for about 10 to 15 or more overtime hours worked each week during his employment with Defendants - with the exception of about 2-3 weeks each year.

3

20. In addition, Plaintiff was required to incur expenses in the performance of his work for Defendants during the period of his employment such as for use of his vehicle, gas, cellphone, etc. However, Defendants failed to reimburse Plaintiff for all of these costs and expenses - Defendants failed to reimburse Plaintiff for about $50.00 to $100.00 or more each week, which constitutes an unlawful wage deduction under the FLSA and NYLL, including NYLL § 193. These unlawful deductions and failure to reimburse also constitute an under payment of wages and overtime wages under the FLSA and NYLL.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

22. At all times relevant herein, Defendants, individually and jointly, failed to pay Plaintiff at a rate of at least 1.5 times is regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during his employment with Defendants.

23. At all times relevant herein, Defendants, individually and jointly, failed to provide Plaintiff with the required notice at the time of his hiring pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendants, individually and jointly, failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented his from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021)

4

25. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

26. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notices and wage statements, Defendants forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendants carried out their legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

27. Upon information and belief, and at all times relevant herein, Defendants, individually and/or jointly, had revenues and/or transacted business in an amount exceeding $500,000 annually.

28. At all times applicable herein, Defendants, individually and/or jointly, conducted business with vendors/entities/persons outside the State of New York.

29. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendants and Plaintiff's employment with Defendants.

30. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving the purchase of equipment, and supplies.

31. At all times applicable herein and upon information and belief, Defendants as a regular part

5

of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

32. At all times applicable herein and upon information and belief, Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendants transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

34. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

35. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

36. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

37. "Plaintiff" as used in this complaint refers to the named Plaintiff.

38. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid OT)

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37

above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

41. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

42. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

43. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

44. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

**Relief Demanded**

45. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, minimum wages, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid OT)**

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

7

47. At all times relevant to this action, Plaintiff were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 146.

48. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State Minimum wage rate for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

49. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

50. Plaintiff alleges and incorporates each and every allegation contained herein with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. Defendants, individually and/or jointly, violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, (FLSA and NYMWA), as required under NY Labor Law § 190 et seq.

53. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this

8

violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

54. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

55. Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid overtime wages (FLSA and NYMWA), and wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

56. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

57. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages and minimum wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

58. As to the **Second Cause of Action**, award Plaintiff his unpaid overtimes, wage deductions, due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 2.1 together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

59. As to the **Third Cause of Action**, award Plaintiff, his unpaid wages including his entire

unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), wage deductions, lost benefits, liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

60. Award Plaintiff prejudgement interest on all monies due;

61. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

62. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **February 28, 2026**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF